UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYSON D. MATTHEWS,

        Plaintiff,

   v.                                        CAUSE NO. 3:22-CV-686-DRL-MGG

LEEANN *et al.*,

        Defendants.

OPINION AND ORDER

Tyson D. Matthews, a prisoner without a lawyer, filed a complaint. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Matthews alleges that he was attacked by another inmate on January 18, 2022. The other inmate entered his cell and stabbed him with a pen. The attack continued as Mr. Matthews left his cell to get help. When the incident was over, Mr. Matthews was told to return to his cell, and he was provided with a wipe to clean up the blood. The responding officer said that Mr. Matthews would be okay, and no further medical care was provided at that time.

After a few months, Mr. Matthews found that he was having trouble sleeping, suffering from nightmares, and depressed. Additionally, Mr. Matthews's hand and arm were numb. He filled out a health care request and was seen by Nurse Leeann Witkowski. She took his blood pressure and weight and told him that there was nothing wrong with him. He asked to see someone regarding his psychological complaints. A week later, he saw the doctor, but the doctor would not prescribe medication for Mr. Matthews at that time. He was instructed to complete some charts regarding his daily activities. He was told there would be a follow-up appointment in a couple weeks, but seven weeks passed without a follow-up appointment. At some point (it is unclear when), Mr. Matthews told Nurse Witkowski that he was in fear for his life and needed medical help. No help was provided.

Because Mr. James is a pretrial detainee, "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Nurse Witkowski assessed Matthews on one occasion a few months after he was attacked, concluded there was nothing physically wrong with him, and referred hm to a

2

mental health provider. It cannot be plausibly inferred from the allegations of the complaint that this was objectively unreasonable. Mr. Matthews's only other allegation against Nurse Witkowski is that, at some unspecified time, he told her he was in fear for his life and needed medical help, but he received no help. These allegations are too vague to permit an inference that Nurse Witkowski's actions were objectively unreasonable.

The Pulaski County Sheriff is also listed as a defendant, but the complaint does not allege that the sheriff was personally involved in Mr. Matthews's allegedly inadequate care. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Matthews may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Tyson D. Matthews until **October 12, 2022**, to file an amended complaint; and

(2) CAUTIONS Tyson D. Matthews if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 12, 2022         *s/ Damon R. Leichty*
                           Judge, United States District Court